UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN HOLT, M.D.,

                Plaintiff,                                       Hon. Richard Alan Enslen

v.                                                     Case No. 1:04-CV-280

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

                Defendant.

_____/

## ORDER

        This matter is before the Court on Plaintiff's Motion to Compel Discovery and Award Sanctions.  (Dkt. #68).  As discussed herein, Plaintiff's motion is **denied in part and granted in part**.

## BACKGROUND

        Plaintiff was employed as an emergency room physician for many years, during which time he purchased from Defendant several disability insurance policies.  In approximately 2001, Plaintiff left his position as an emergency room physician claiming that he was disabled as defined by the relevant policies.  Plaintiff's claim for payment under said policies was denied, however.  On April 21, 2004, Plaintiff initiated the present action asserting that he was entitled to payment under the disability insurance policies he purchased from Defendant.

        Pursuant to Court order, Defendant produced material required by Federal Rule of Civil Procedure 26(a)(1).  Approximately one year later, Defendant produced additional documents which

should have been produced as part of its Rule 26(a)(1) initial disclosures. Plaintiff also asserts that one of Defendant's representatives, John Brooks, improperly destroyed documents subject to discovery. In response to these perceived discovery violations, Plaintiff seeks the following relief: (1) summary judgment, (2) attorney fees and costs, (3) an order prohibiting Defendant from using at trial any of the documents not properly disclosed or referring to the matters contained therein, and (4) an order providing that the jury be given an adverse inference instruction regarding the spoilation of evidence.

I.        **Rule 26(a)(1) Violation**

On May 25, 2005, Plaintiff deposed John Brooks. At the outset of this deposition, Defendant produced additional documents (the Brooks documents) which should have been provided as part of its initial Rule 26(a)(1) disclosures. Two days later Plaintiff deposed another of Defendant's representatives, Mark Schwallie, at which time Defendant again produced additional documents (the Schwallie documents) which should have been produced as part of its initial Rule 26(a)(1) disclosures. Plaintiff asserts that Defendant fraudulently created these documents to bolster its position in this matter. Plaintiff requests that Defendant be prohibited from relying upon the challenged documents at trial.

A brief description of the documents at issue is necessary. The Schwallie documents consist of copies of nine pages of treatment notes received from Dr. Van Leeuwen, with whom Plaintiff had treated. One of these pages is a client information sheet on which Plaintiff provided his address and other contact information. Four of the pages are Plaintiff's responses to a mental status questionnaire administered by Dr. Van Leeuwen. The final four pages contain very brief notes written by the doctor during Plaintiff's treatment sessions.

The Brooks documents contain several items. The first is a very brief memorandum in which Brooks informed George Loxton (to whom he sent his file regarding Plaintiff's claim) that he had retained a copy of his file "in case the FedEx was lost." These documents also include several identical letters authored by Brooks to various people with whom Plaintiff worked during his tenure as an emergency room physician. The letters were intended to discover information relative to Plaintiff's duties and performance in this capacity. By all indications these letters were never mailed to the intended recipients and, furthermore, Defendant has asserted that it does not intend to rely on them at trial, as they allegedly possess no probative value. This production also contains a February 2, 2004 memorandum in which Schwallie instructed Brooks as to the specific information which the aforementioned letters should contain. These documents also contain Brooks' April 8, 2004 report in which he describes his efforts (undertaken in March 2004) to investigate Plaintiff's claim. Finally, this production contains five pages of documents which relate to Defendant's alleged attempts to investigate Plaintiff's claim.

At the outset, the Court concludes that, Plaintiff's repeated assertions notwithstanding, there exists no evidence that the documents at issue were fraudulently created. To the contrary, as George Loxton testified at hearing, the failure to timely produce these documents appears to have been the result of confusion regarding the attributes and operation of the electronic claims database system which Defendant had recently implemented to supplement its paper file system. Loxton's testimony is consistent with other evidence of record and is refuted with nothing more than Plaintiff's unsubstantiated accusations. While Defendant's evidence refutes Plaintiff's accusations of fabrication, such does not excuse its failure to timely produce the documents.

Federal Rule of Civil Procedure 37(c)(1) provides that a party "that without substantial justification fails to disclose information required by Rule 26(a). . .is not, unless such failure is harmless, permitted to use as evidence at trial. . .any witness or information not so disclosed." This particular rule, however, further provides that "[i]n addition to or in lieu of this sanction, the court. . .may impose other appropriate sanctions." Accordingly, unless the failure to comply with the disclosure requirements of Rule 26 was harmless or substantially justified, Rule 37 "mandates" that the Court sanction the offending party. *See, e.g., Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Because the discovery violations at issue were neither harmless nor justified, the Court must determine the sanction appropriate in this instance.

With respect to the Schwallie documents, Defendant timely produced documentation regarding the existence of such. A March 11, 2004 entry in Defendant's electronic claims database expressly refers to money paid to Dr. Van Leeuwen. According to Plaintiff, he *assumed* that this payment was made to compensate the doctor for the time he spent speaking with Defendant's representatives. Had Plaintiff followed up on this information, however, he would have learned that the money was instead paid to Dr. Van Leeuwen to compensate him for making copies of the documents in question. Such efforts would almost certainly have resulted in the timely production of the documents at issue. This observation is not intended to absolve Defendant of its failure to timely produce the records obtained from Dr. Van Leeuwen, but it certainly merits against the extreme sanction sought by Plaintiff.

As for the Brooks documents, the Court likewise concludes that exclusion of such material is not warranted. First, Defendant has already expressed its intent not to utilize the letters which Brooks authored, as such do not advance its cause. While the remaining information may compel

-4-

Plaintiff to modify his strategy, the Court finds that exclusion of such documents (in this circumstance) to be a sanction far in excess of the wrong committed. The Court might conclude differently if the documents at issue were of a different character. However, these documents, rather than containing unverifiable assertions, contain a record of some of the actions which Defendant allegedly undertook to investigate Plaintiff's claim. The accuracy of this information can be ascertained by questioning the individuals who were allegedly contacted by Defendant as part of its investigation into Plaintiff's claim.

In sum, the Court discerns no basis for excluding the documents at issue. The Court recognizes, however, that the untimely production of the documents at issue may cause Plaintiff to alter the strategy by which he prosecutes his claim. Accordingly, the Court grants Plaintiff an additional 30 day period (beginning from the date of this Order) during which he may conduct any discovery reasonably necessary as a result of the untimely production of the Brooks and Schwallie documents. The costs for such discovery (to the extent such are reasonable) shall be paid by Defendant.

**II.        Spoilation of Evidence**

Plaintiff also asserts that John Brooks destroyed certain documents which should have been produced at the outset of discovery. Specifically, Plaintiff asserts that Brooks destroyed the contents of his file, including the handwritten notes upon which his April 8, 2004 investigative report was based. Plaintiff further asserts that Brooks improperly deleted the e-mail message pursuant to which he transmitted his April 8, 2004 investigative report. Plaintiff requests that in response to such destruction of evidence the jury be instructed that it may infer that the material destroyed was adverse to Defendant's position.

To obtain an adverse inference jury instruction based on the destruction of evidence, Plaintiff must establish (1) that Defendant had an obligation to preserve the material in question, (2) that the material was destroyed with "a culpable state of mind," and (3) that the destroyed evidence was "relevant" to his claim or defense such that "a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corporation v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). As courts recognize, however, "the adverse inference instruction is an extreme sanction and should not be given lightly." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003).

A.      File and Notes

Plaintiff asserts that Brooks improperly destroyed - after being informed that Plaintiff had initiated the present action - his "set of documents." Plaintiff further asserts that he "believes that those documents would have included hand written notes."

As noted above, prior to forwarding the contents of Plaintiff's claim file to Defendant, Brooks made a copy thereof. Brooks later asserted that while he could not recall specifically what he did with this copy, he probably destroyed it. While Defendant had an obligation to preserve all relevant documents in existence as of the date that the duty to preserve attached, this duty does not extent to mere copies of such material. *See Zubulake*, 220 F.R.D. at 218. To the extent, therefore, that Brooks simply destroyed copies of documents produced, Plaintiff is not entitled to relief.

Plaintiff further asserts, however, that he "believes" that Brooks also retained (and subsequently destroyed) the handwritten notes upon which his April 8, 2004 investigative report was based. Plaintiff has failed, however, to support his "belief" with any evidence. For example, while this

is certainly a subject which Plaintiff could have questioned Brooks about during his deposition, Plaintiff has identified no testimony indicating that the material which Brooks retained (and apparently later destroyed) contained any handwritten notes.  Furthermore, even if there was evidence suggesting the existence of such handwritten notes, Plaintiff has failed to present any evidence from which a reasonable trier of fact could conclude that the contents of such notes would be favorable to Plaintiff.

   B.  E-Mail

   Brooks testified that his April 8, 2004 investigative report was transmitted to Defendant via e-mail.  This particular e-mail was never produced, however.  Plaintiff asserts that such failure entitles him to an adverse inference jury instruction.

   At hearing, Mr. Loxton testified that if an e-mail message contains any substantive information a copy of such would be placed in the claim file and produced in the course of discovery. He further testified, however, that it was unusual for substantive information to be transmitted via e-mail.  Instead, substantive information was generally contained within memorandum which were themselves transmitted via e-mail.  However, because these "e-mail envelopes" themselves contained no substantive information they were not placed in the claim file or otherwise produced.  Loxton's testimony on this subject is consistent with the record before the Court.  On the other hand, while Plaintiff could easily have questioned Brooks on this subject he admittedly failed to do so.

   Plaintiff suggests that Defendants had a duty in this matter to preserve *every* document or item pertaining in *any way* to Plaintiff's claim.  The Court disagrees.  As courts have recognized, a corporation is not required to preserve "every shred of paper, every e-mail or electronic document, and every backup tape" because to require such would "cripple large corporations. . .that are almost always

-7-

involved in litigation." *Zubulake*, 220 F.R.D. at 217. Instead, Defendant's duty to preserve extends only to such material which it knew (or reasonably should have known) was relevant to Plaintiff's claims. *Id.* The evidence before the Court indicates that the e-mail in question was nothing more than an "e-mail envelope" which facilitated the transmission of the substantive report which has been produced to Plaintiff. There is no evidence that this e-mail contained any substantive information.

However, even if the Court were to conclude that Defendant's failure to produce the e-mail in question was improper, Plaintiff is not entitled to the relief sought because he has not presented any evidence from which a reasonable trier of fact could conclude that the contents of the e-mail would be favorable to Plaintiff.

**III.        Attorneys Fees and Costs and Summary Judgment**

While Plaintiff is entitled to the limited sanctions discussed above, he is not entitled to summary judgment as a result of the discovery violations discussed herein. Neither is Plaintiff entitled to fees or costs thus far incurred. While the Court does not fault Plaintiff for pursuing the legitimate issues raised by the untimely production of documents discussed above, it must also be recognized that much of the focus of Plaintiff's motion was on the unfounded assertion that Defendant fabricated most of the documents presently at issue. While it may have been unfair for Plaintiff to bear the expense of contesting the legitimate issues presented by this motion, in the Court's estimation it was not fair to require Defendant to expend the time and resources necessary to rebut the charges of fraud and document fabrication. Accordingly, neither party is entitled to fees or costs thus far incurred.

In conclusion, Plaintiff's motion is **granted in part and denied in part** as articulated

herein.

IT IS SO ORDERED.


Date:  November 30, 2005                           _/s/ Ellen S. Carmody_____
                                                   ELLEN S. CARMODY
                                                   United States Magistrate Judge